USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER LOADHOLT, on behalf of
himself and all others similarly situated,

                              Plaintiff,

-against-

DUNGAREES, INC.,

                              Defendant.
-----------------------------------------------------------------X

22-CV-4699 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff, who is legally blind, has sued Defendant, an apparel company that operates an online store, Dungarees.com, for allegedly failing to remove access barriers on its website in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*[1] This Court previously ordered Plaintiff to move to amend the complaint or else show cause why the case should not be dismissed for failure to allege adequately that Plaintiff has Article III standing. *See* Order, Dkt. 19. On November 7, 2022, Plaintiff moved to amend the complaint with Defendant's consent. *See* Dkts. 20–21. On November 9, 2022, the Court granted Plaintiff's motion to amend. *See* Dkt. 22. On November 10, 2022, Plaintiff filed the Amended Complaint ("FAC"). Dk. 23.[2] Before the Court is Defendant's motion to dismiss the FAC. *See* Dkt. 24. For the following reasons, Defendant's motion is GRANTED.

---

[1] Plaintiff also alleges violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*

[2] As the Court noted in its order granting Plaintiff leave to file the FAC, Plaintiff no longer could amend his complaint as a matter of right without the Court's leave. *See* Dkt. 22 (noting that Plaintiff "was not entitled to amend as of right" under Fed. R. Civ. P. 15 because more than 21 days had passed since serving Defendant and because Defendant had "not yet filed a responsive pleading").

## BACKGROUND[3]

Plaintiff Christopher Loadholt, a resident of the Bronx, New York, is legally blind and uses screen-reading software when browsing the Internet. *See* FAC ¶¶ 17, 23–24. Plaintiff is also a serial litigator. This case is one of nearly 50 lawsuits filed by this Plaintiff in the Southern District of New York in 2022.[4]

Defendant Dungarees, Inc. is a corporation organized in Missouri that operates an online retail store, allowing customers to purchase goods from the website to be shipped throughout the United States, including into New York. FAC ¶¶ 19–20.

Plaintiff alleges that on March 24, 2022, and on April 8, 2022, he browsed Defendant's website to purchase "belts and a jacket." *Id.* ¶¶ 23, 29–30.[5] Plaintiff alleges that on both occasions he encountered accessibility issues, such as the screen reader failing fully to narrate the product descriptions, including their size and price, and that the website required use of a mouse instead of a keyboard, making it difficult for Plaintiff to navigate the website. *Id.* ¶¶ 27, 31. Plaintiff was, therefore, purportedly unable to buy Defendant's products, but he "would still like to return to the Website to browse and potentially purchase these products once the online store is made accessible to him, and intends to do so once the site is made accessible." *Id.* ¶ 32.

---

[3] For purposes of this motion, the Court assumes the truth of the factual allegations in Plaintiff's FAC. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). The Court takes judicial notice of information on certain websites and the fact of other litigation in this District. *See Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 582 n.5 (S.D.N.Y. 2021) ("A court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.") (cleaned up); *Traore v. Police Office Andrew Ali Shield*, 2016 WL 316856, at *3 (S.D.N.Y. Jan. 26, 2016) ("It is . . . routine for courts to take judicial notice of court documents . . . to establish the fact of such litigation and related filings.") (citation omitted).

[4] *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Christopher Loadholt") (last visited Feb. 14, 2023).

[5] As Defendant correctly notes, Plaintiff does not allege with any more specificity which products he intended to purchase, nor whether he shopped to purchase them on dates other than the two cited in the FAC. *See* Def. Mem. at 5–6.

On June 6, 2022, Plaintiff filed this lawsuit alleging violations of the ADA and the NYCHRL. *See generally* Compl., Dkt. 1. After Plaintiff filed the FAC, *see* Dkt. 23, Defendant moved to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(1) for failure to allege Article III standing. *See* Dkts. 24–25.

## DISCUSSION

A claim must be dismissed for lack of subject-matter jurisdiction when a plaintiff lacks standing to bring the action under Article III of the U.S. Constitution. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015). To establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (cleaned up).

A plaintiff bringing a claim pursuant to the ADA[6] has standing to sue for injunctive relief, as is sought here, *see* FAC at 14, if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the frequency of plaintiff's past visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). In the virtual world, the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the

---

[6] NYCHRL claims are subject to the same standing requirements as the ADA. *See Tucker v. Denny's Corp.*, 2021 WL 4429220, at * 2 (S.D.N.Y. Sept. 27, 2021) (citation omitted).

3

plaintiff intends to return to the website. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022); *Walters v. Fischer Skis U.S., LLC*, 2022 WL 3226352, at *3–4 (N.D.N.Y. Aug. 10, 2022).

A plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted); *see also Harty*, 28 F.4th 435 at 443 (concluding that a plaintiff failed to allege standing to bring an ADA claim because, *inter alia*, he did not allege that he was "using [the defendant's] website to arrange for future travel"). Courts in this Circuit have recognized that the Second Circuit's recent *Calcano* decision "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Hennessy by & through Hennessy v. Poetica Coffee Inc.*, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022) (collecting cases).

Here, the FAC contains no non-conclusory, factual allegations that would allow the Court plausibly to infer that Plaintiff intends to return to Defendant's website. Plaintiff alleges that he visited Defendant's website on two occasions in Spring 2022 to "potentially" purchase "some belts and a jacket" from Defendant's website, but he was unable to do so because of the website's alleged access barriers. FAC ¶¶ 23, 29–31. Plaintiff further alleges that he "would like to return to the Website to browse and potentially purchase" some of Defendant's products. FAC ¶ 32. Setting aside the bare-bones, vague allegations that Plaintiff was "potentially" in the market for "some belts and a jacket," Plaintiff's allegations that he visited the website "with the intent of shopping for and potentially making a purchase" of those items, and "would still like" to return to the website to "potentially purchase" the items, does no more to allege intent to return than the boilerplate allegations described in *Calcano*. *See Calcano*, 36 F.4th at 76–77

(noting that plaintiffs needed to describe, *inter alia*, details of past visits or the frequency of such visits, what items they purchased in the past, why they want to purchase particular goods now, and why they would do so "immediately" when those goods became accessible in order to "nudge [plaintiffs'] claims across the line from conceivable to plausible").

Even if Plaintiff alleged unequivocally that he intends to purchase "some belts and a jacket" from Defendant's website, the FAC fails to allege any other facts to nudge his complaint across the line from conceivable to plausible: for example, Plaintiff does not allege the genesis for his sudden need or want for "belts" and "jackets," or that Dungarees is the only retailer that sells the particular belts and jackets he wants, or that he has searched for comparable belts and jackets but has been unable to find them at a comparable price point.[7]  Indeed, there are no allegations in the FAC as to why Plaintiff prefers belts and jackets available from Dungarees over those available from any other apparel company or other website.  In short, the FAC fails adequately to allege Article III standing.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). An amendment would be futile if the amended complaint "could not withstand a motion to

---

[7]     The Court does not intend to suggest that this degree of specificity is necessary to allege standing adequately in every ADA case.  But the Court also is not required to ignore reality.  *See Calcano*, 36 F.4th at 77 (noting that the Court "cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings").  As noted above, this Plaintiff filed dozens of ADA website lawsuits in 2022, including one filed within days of the instant complaint.  *See Loadholt v. YMI Jeanswear, Inc.*, 22-cv-4582 (filed June 2, 2022, alleging a single attempt in April 2022 to "potentially mak[e] a purchase" of some unidentified product); *see also Loadholt v. HSN, Inc.*, 22-cv-4231, filed on May 23, 2022 (same); *Loadholt v. Ginny's, Inc.*, 22-cv-3980, filed on May 16, 2022 (same); *Loadholt v. Gravity Defyer Corp.*, 22-cv-3064, filed on April 13, 2022 (same).  While Mr. Loadholt may genuinely have wished to buy products or services from each of those websites in April 2022, this Judge is skeptical.

5

dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court notes that Plaintiff has already amended his complaint once in response to the Court's order to show cause, which specifically drew his attention to *Calcano*. *See* Dkt. 19.

In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff included a sworn declaration that purports to cure the deficiencies Defendant identified in the FAC. *See* Pl. Opp. at 11–12. Plaintiff offers no excuse or explanation why the facts proffered in the declaration were not included in the FAC. Plaintiff now claims, however, that he "was specifically drawn to the Defendant's website" for its "wide selection" of Carhatt "factory seconds," which Plaintiff "hasn't been able to find elsewhere." *Id.* at 11 (citing Loadholt Declaration ¶ 4). Those "facts" are belied by Plaintiff's own submissions. Plaintiff's Exhibit A, the purported results of a Google search of the term "Carhatt Factory Seconds," shows several other websites, including Super Casuals, Sierra, Northwest Outlet, and a Carhartt Outlet on Amazon, that sell such products. *See* Ex. A, Zelman Declaration, Dkt. 26-3.[8] Thus, even considering the factual assertions contained in Plaintiff's opposition to the motion to dismiss, the Court concludes that granting another bite at the apple would be futile. *Compare Williams v. Calderoni,* 2012 WL 691832, at *8 (S.D.N.Y. Mar.1, 2012) (denying leave to amend where plaintiff had "multiple opportunities to allege sufficient specific facts to render his claims plausible . . . and failed to do so"), *with Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 28 (2d Cir. 2019) (finding

---

[8] The Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue," but "may not rely on conclusory or hearsay statements contained in the affidavits." *New York v. U.S. Dep't of Com.*, 315 F. Supp. 3d 766, 780 (S.D.N.Y. 2018) (internal quotation marks omitted). The Court notes that Defendant did not submit a reply in support of its motion to dismiss; thus, the declarations submitted in connection with Plaintiff's Opposition are unopposed. In any event, given all of these circumstances, Plaintiff's allegations leave the Court questioning whether he, in fact, ever had or now has a particularized desire to purchase Carhatt "factory seconds" from Dungarees or just a particularized desire to sue Dungarees.

district court erred in denying leave to amend when plaintiff had "amended her complaint twice" but without "the benefit of a ruling" to know what deficiencies needed cured); *see also Belcastro v. Burberry Ltd.*, 2017 WL 5991782, at *6 n.9 (S.D.N.Y. Dec. 1, 2017) (dismissing complaint where plaintiff had "not requested leave to amend a second time or attached a proposed second amended complaint for the Court's consideration" and "[i]n light of [plaintiff]'s multiple, unsuccessful attempts to state a claim" amendment would be futile).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's FAC is DISMISSED without prejudice for failure to allege Article III standing. The Clerk of Court is respectfully directed to terminate all open motions and deadlines and to CLOSE this case.

**SO ORDERED.**

Date: February 15, 2023
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**